IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

MARTHA BURCH,

                Plaintiff,

    v.

WELLS FARGO BANK, N.A.,

                Defendant.

Case No. 3:13-cv-00201-SLG

## ORDER

Currently before the Court are Defendant Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Expert Witness Jay R. Smith, P.E., at Docket 22, and Defendant's Motion for Summary Judgment, or, in the Alternative, Motion for Partial Summary Judgment on Punitive Damages Claim at Docket 24. Both motions have been fully briefed and oral argument on both motions was heard on May 1, 2015.

## BACKGROUND

This case arises out of Plaintiff Martha Burch's slip and fall on a sidewalk adjacent to the Wells Fargo building in Palmer, Alaska, on January 12, 2013. Ms. Burch alleges that she "slipped and fell on an accumulation of ice which posed a hazardous condition that contributed as a substantial factor in legally causing injury to the plaintiff."[1] Ms. Burch alleges that Wells Fargo was "negligent for failure to take steps to make sure that the premises at 705 S. Bailey St. was safe," and is "liable for negligent failure to warn of

---

[1] Docket 1-1 (Compl.) at ¶ 6.

hazardous conditions," "liable for negligent training and/or supervision," and "liable for spoliation of evidence."[2] She seeks both compensatory and punitive damages.[3]

## MOTION TO STRIKE

In its motion at Docket 22, Wells Fargo seeks to strike the report and testimony of Ms. Burch's expert witness, Jay R. Smith. Wells Fargo first asserts that Mr. Smith is not qualified to provide relevant expert opinion testimony. Wells Fargo contends that "Smith's qualifications as a professional engineer and automotive accident reconstructionist do not qualify him to provide testimony regarding the reasonableness of a commercial entity's snow and ice removal measures . . . ."[4] Wells Fargo adds that "Smith also lacks any other specialized knowledge gained from experience in the field to qualify him as an expert in this case" and observes that Smith's consulting engineer work "focuses on 'automobile and industrial accident reconstruction, fire investigation, and defect examination.'"[5]

Wells Fargo also asserts that Mr. Smith's opinion, as expressed in his expert report, fails to satisfy the requirements of Evidence Rule 702. Wells Fargo maintains that Mr. Smith did not examine Ms. Burch's deposition testimony prior to preparing his report and, accordingly, did not base his opinion on sufficient facts or data.[6] Wells Fargo also asserts that Mr. Smith's review of "'Best Practices' for snow and ice management" does

---

[2] Docket 1-1 (Compl.) at ¶¶ 10-14.

[3] Docket 1-1 (Compl.) at ¶ 19.

[4] Docket 23 (Mot. to Strike Mem.) at 9.

[5] Docket 23 (Mot. to Strike Mem.) at 10-11 (quoting Docket 23-2 (Jay R. Smith Curriculum Vitae) at 3).

[6] Docket 23 (Mot. to Strike Mem.) at 13-14.

not specify what materials he reviewed or whether he had ever reviewed or applied such practices in the past.[7] Wells Fargo further observes that Mr. Smith does not provide a basis for his opinion that the Dansko clogs that Ms. Burch was wearing at the time of the incident would have provided proper traction if there had been no ice coating on the sidewalk, nor does he indicate that he performed any testing performed in support of this opinion.[8] Finally, Wells Fargo asserts that "[w]ithout knowing what the mystery 'Best Practices' Smith relied upon in formulating his opinion entail, it is impossible to know if Smith reliably applied them to the facts and data of this case. . . . He has failed to reliably apply any methods or procedures (or even identify them) to an incomplete and insufficient set of record data."[9]

With her response, Ms. Burch submits an affidavit from Mr. Smith that expands upon his experience in reviewing snow removal procedures and in friction testing.[10] Ms. Burch relies on this additional background and explanation to assert that Mr. Smith is qualified to testify as an expert and that his analysis is reliable.[11]

In reply, Wells Fargo asserts that Mr. Smith's affidavit is "an untimely attempt to supplement his deficient and unsupported conclusory report and fill in the holes that Wells Fargo identified in its Motion to Strike."[12] Wells Fargo maintains that Mr. Smith's

---

[7] Docket 23 (Mot. to Strike Mem.) at 15.

[8] Docket 23 (Mot. to Strike Mem.) at 15-16.

[9] Docket 23 (Mot. to Strike Mem.) at 16.

[10] Docket 26-1 (Aff. of Jay R. Smith, P.E.) at 3.

[11] Docket 26 (Opp'n to Mot. to Strike).

[12] Docket 28 (Reply to Mot. to Strike) at 2 n.1.

expanded background in his affidavit is still insufficient to qualify him as an expert.[13] Wells Fargo also argues that Mr. Smith's affidavit does not resolve the reliability problems identified in its motion. Wells Fargo states that the friction testing discussed in Mr. Smith's affidavit is irrelevant given that there is no reference to friction testing having been performed here.[14] Wells Fargo also states that Mr. Smith has still not provided the titles, authors, or other publication information about the "Best Practices" materials he has reviewed.[15]

A court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."[16] The inquiry is "flexible" and "the trial court must base its inquiry on the facts of each case."[17] When considering the admissibility of expert testimony, "there is less danger that a trial court will be 'unduly impressed by the expert's testimony or opinion' in a bench trial."[18] In this case, the Court will be the trier of fact and, having reviewed Mr. Smith's report, curriculum vitae, and supplemental affidavit, the Court will not strike Mr. Smith's opinion or testimony in its entirety at this time. However, both parties are apprised that the scope of direct examination for experts at trial will be restricted to the subject matter that has been fully disclosed in the expert's report, and if

---

[13] Docket 28 (Reply to Mot. to Strike) at 2-4.

[14] Docket 28 (Reply to Mot. to Strike) at 4-5.

[15] Docket 28 (Reply to Mot. to Strike) at 5.

[16] *Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589 (1993).

[17] *F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 887 (9th Cir. 2014).

[18] *BurnLounge*, 753 F.3d at 887 (quoting *Shore v. Mohave Cnty, State of Ariz.*, 644 F.2d 1320, 1322-23 (9th Cir. 1981)).

applicable, the expert's testimony by deposition or affidavit that clarifies or explains the report. In this regard, the Court finds that on the record before the Court, Ms. Burch has failed to adequately disclose to Wells Fargo the "Best Practices" to which Mr. Smith refers in his report. Based on the foregoing, Wells Fargo's Motion to Strike will be denied without prejudice to renew in whole or in part at trial.

## MOTION FOR SUMMARY JUDGMENT

### I. Jurisdiction

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).[19]

### II. Summary Judgment Standard

In this diversity action, the Court applies federal law to procedural issues and Alaska law to substantive legal issues. Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact initially lies with the moving party.[20] If the moving party meets this burden, the non-moving party must present specific evidence demonstrating the existence of a genuine issue of fact.[21] The non-moving party may not rely on mere allegations or denials. It must demonstrate that

---

[19] Docket 1-1 (Compl.) at ¶ 9.

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

[21] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Oracle*, 627 F.3d at 387.

enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[22]

When considering a motion for summary judgment, a court must accept as true all evidence presented by the non-moving party and draw "all justifiable inferences" in the non-moving party's favor.[23] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[24] The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[25] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[26]

III. **Discussion**

Wells Fargo asserts that it is entitled to summary judgment because "no reasonable juror could conclude that Wells Fargo acted unreasonably under the circumstances surrounding plaintiff's fall."[27] Wells Fargo asserts that it "adopted and implemented adequate measures to keep its premises in a reasonably safe condition for

---

[22] *Anderson*, 477 U.S. at 248-49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[23] *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[24] *Anderson*, 477 U.S. at 248.

[25] *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

[26] *Anderson*, 477 U.S. at 249–50 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967); *First Nat'l Bank*, 391 U.S. at 290).

[27] Docket 25 (Summ. J. Mem.) at 10.

its patrons."[28] Wells Fargo points to its arrangement with Alaska Commercial Services ("ACS"), which included "inspecting the parking lot and sidewalks, removing snow accumulation from the parking lot and sidewalks, applying sand or ice melt to slippery areas as necessary, and monitoring the conditions of the parking lot and sidewalk."[29] Wells Fargo also asserts that its employees were instructed "to monitor the condition of the sidewalks upon entering the building in the morning and when entering or exiting the building throughout the course of the business day" and "[i]f employees notice a change in weather that results in slippery conditions, they are instructed to call Wells Fargo's Customer Solution Center," which, in turn, contacts ACS.[30] Wells Fargo also notes that its Palmer branch, like others, is provided with a snow kit on which branch managers are instructed.[31] Wells Fargo's expert opined that "Wells Fargo did exercise reasonable skill and care in maintaining the Palmer branch in order to avoid unreasonable risk of harm."[32]

Wells Fargo also asserts that "Wells Fargo had no actual or constructive notice of any ice accumulation on its sidewalk or that the weather conditions had changed prior to plaintiff's fall."[33] Wells Fargo points to Ms. Burch's deposition testimony stating that she did not know that there was ice on the sidewalk before she stepped on it to argue that it is not unreasonable that Wells Fargo employees likewise would not have had notice of

---

[28] Docket 25 (Summ. J. Mem.) at 11.

[29] Docket 25 (Summ. J. Mem.) at 11.

[30] Docket 25 (Summ. J. Mem.) at 12.

[31] Docket 25 (Summ. J. Mem.) at 12-13.

[32] Docket 25-7 (Jerry W. Royce Expert Report, dated December 15, 2014).

[33] Docket 25 (Summ. J. Mem.) at 15.

the condition.[34] Wells Fargo also argues that "[i]t is not unreasonable for Wells Fargo employees to not have notice of the changed weather conditions given the short amount of time [16-31 minutes] between the light rain beginning and the plaintiff's fall, much less notice that the change in weather caused a potentially slippery surface."[35]

Ms. Burch responds that Wells Fargo's reliance on entering and exiting employees to monitor conditions was inadequate, and that Wells Fargo "would reasonably have expected freezing rain conditions on the day Mrs. Burch slipped on its icy sidewalk."[36]

Wells Fargo also asserts that at a minimum, the Court should grant partial summary judgment on Ms. Burch's claim for punitive damages. Wells Fargo maintains that there is no evidence that it intentionally implemented substandard safety procedures evidencing reckless indifference toward the safety of others or that Wells Fargo's conduct was outrageous or malicious.[37] Ms. Burch responds that "Wells Fargo's failure to perform systematic inspection . . . was not a mistake, but intentional in this case,"[38] and contends that "[a] fact finder may reasonably determine that the bank's failure to systematically inspect its sidewalks or track any inspections in the Winter, in spite of documents presupposing systematic inspection, evidences reckless disregard to the interest of

---

[34] Docket 25 (Summ. J. Mem.) at 114-15 (citing Docket 25-1 (Burch Dep. Dated July 28, 2014) at 9-10.

[35] Docket 25 (Summ. J. Mem.) at 15.

[36] Docket 27 (Summ. J. Opp'n) at 4.

[37] Docket 25 (Summ. J. Mem.) at 16.

[38] Docket 27 (Summ. J. Opp'n) at 6.

others or was outrageous."[39]

In *Edenshaw v. Safeway, Inc.*, the Alaska Supreme Court accepted certification from the federal district court in a slip and fall case and considered whether actual or constructive notice of a hazardous condition is an element of a prima facie case.[40] In holding that it was not, the court relied upon its holding in *Webb v. City & Borough of Sitka* that:

> A landowner or owner of other property must act as a reasonable person in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden on the respective parties of avoiding the risk.[41]

After reviewing the exhibits and the briefing and arguments provided by the parties, the Court finds that there are genuine disputes as to the reasonableness of Wells Fargo's property maintenance at the Palmer branch in view of all the circumstances.[42] Given Mr. Smith's opinion that Wells Fargo's "inadequate monitoring and not correcting the slippery conditions caused by freezing rain" was the cause of Ms. Burch's slip and fall,[43] which the Court accepts as true for purposes of summary judgment, the Court cannot conclude that

---

[39] Docket 27 (Summ. J. Opp'n) at 6 (citing AS 09.17.020(b)).

[40] *Edenshaw v. Safeway, Inc.*, 186 P.3d 568, 571 (Alaska 2008).

[41] *Webb v. City & Borough of Sitka*, 561 P.2d 731, 733 (Alaska 1977), *superseded on other grounds by statute*, AS 09.65.200, *as recognized in Univ. of Alaska v. Shanti*, 835 P.2d 1225, 1228 n.5 (Alaska 1992)).

[42] *See Edenshaw*, 186 P.3d at 571 ("Evidence of notice or lack thereof may be relevant to the question whether a defendant breached a duty of care and therefore should go to the fact finder.").

[43] Docket 27-6 (Smith Report) at 6. *See also* Docket 27-4 at 2-3 (identifying unusual surface conditions with no apparent maintenance undertaken).

there is no genuine dispute that Wells Fargo's conduct was reasonable. The Alaska Supreme Court has held that "issues of negligence are 'not susceptible to summary determination' and are better left to the trier of fact because of the question of reasonableness."[44] Accordingly, the Court will deny Wells Fargo's motion for summary judgment.

However, the Court finds that Wells Fargo is entitled to partial summary judgment on Ms. Burch's claim for punitive damages. AS 09.17.020(b) provides that a "fact finder may make an award of punitive damages only if the plaintiff proves by clear and convincing evidence that the defendant's conduct (1) was outrageous, including acts done with malice or bad motives; or (2) evidences reckless indifference to the interest of another person."[45] In *Hayes v. Xerox Corp.*, the Alaska Supreme Court held that "[i]f the evidence does not give rise to an inference of actual malice or conduct sufficiently outrageous to be deemed equivalent to actual malice, then the trial court need not submit the issue of punitive damages to the jury."[46] The court added that "this same principle should apply where there is no inference of outrageous conduct equivalent to reckless indifference."[47] Ms. Burch's contentions that Wells Fargo's alleged actions or failures to act constitute more than negligence are conclusory and without support in the evidence

---

[44] *Edenshaw v. Safeway, Inc.*, 186 P.3d 568, 570 (Alaska 2008) (quoting *Webb*, 561 P.2d at 733). Summary judgment is particularly problematic on the current limited record before the Court, especially in the absence of any testimony from the employees of Wells Fargo's Palmer branch that were present on the day of the incident. *See also* Dockets 20 and 21 (Witness Lists), which indicate that both parties anticipate trial testimony from additional Wells Fargo employees.

[45] AS 09.17.020(b).

[46] 718 P.2d 929, 935 (Alaska 1986) (citation omitted).

[47] 718 P.2d at 935 at n.4.

submitted on summary judgment. Accordingly, Wells Fargo's motion is granted to the extent that Ms. Burch's claim for punitive damages will be dismissed.

## CONCLUSION

Based on the foregoing, IT IS ORDERED as follows:

1. Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Expert Witness Jay R. Smith, P.E., at Docket 22 is DENIED without prejudice to renew in whole or in part at trial; and

2. Wells Fargo's Motion for Summary Judgment, or, in the Alternative, Motion for Partial Summary Judgment on Punitive Damages Claim at Docket 24 is GRANTED as to Plaintiff's claim for punitive damages; that claim is DISMISSED. Wells Fargo's Motion for Summary Judgment is otherwise DENIED.

DATED this 22nd day of July, 2015 at Anchorage, Alaska.

                                    */s/ Sharon L. Gleason*
                                    UNITED STATES DISTRICT JUDGE